IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD SEGROVES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1344-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald Segroves, by and through his attorney of record, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was charged by separate indictments with intoxication manslaughter and intoxication assault. Instead of accepting a 20-year plea offer, petitioner pled *nolo contendere* to both charges without the benefit of a plea bargain. Punishment was assessed by the trial court at 20 years confinement for intoxication manslaughter and 10 years confinement for intoxication assault. No appeal was taken. Instead, petitioner filed a total of four applications for state post-conviction relief--two writs for each conviction. The first two writs were dismissed at petitioner's request. *Ex parte Segroves*, Nos. 52,460-01 & 52,460-02 (Tex. Crim. App. May 29, 2002). The second two writs were denied without written order. *Ex parte Segroves*, Nos. 52,460-03 & 52,460-04 (Tex. Crim. App. Oct. 26, 2005). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney failed to adequately investigate the facts of each case before recommending that he plead guilty.

Respondent does not address this claim on the merits.  Instead, he argues that this action is barred by the one-year statute of limitations governing federal habeas proceedings.  The parties have fully briefed the limitations issue and this matter is ripe for determination.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period.  *Id.* § 2244(d)(2).  The one-year limitations period is also subject to equitable tolling in "rare and

exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years in prison for intoxication manslaughter and 10 years in prison for intoxication assault.  Judgments in each case were entered on August 12, 1999, and no appeal was taken.  Therefore, petitioner's convictions became final 30 days thereafter on September 13, 1999.  *See* TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed).[1]  More than two years later, on January 18, 2002, petitioner challenged his convictions in separate applications for state post-conviction relief.  Those writs were dismissed at petitioner's request on May 29, 2002.  Petitioner filed two more state writs on June 20, 2005.  The Texas Court of Criminal Appeals denied relief on October 26, 2005.  Petitioner filed this action in federal court on July 26, 2006.

In an attempt to avoid dismissal on limitations grounds, petitioner argues that the one-year limitations period commenced on or about June 16, 2005--the date he discovered the factual predicate of his ineffective assistance claim.  According to petitioner, that was the date Dr. Patrick Besant-Matthews, a forensic pathologist, first opined that the victim of the crash giving rise to the intoxication manslaughter charge would have survived had he worn a seat belt.  (Pet. Resp. Br. at 4; Pet. Hab. App. at 018-19).  A similar argument was rejected by the Fifth Circuit in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998).  In that case, Flanagan maintained that the limitations period on his due process claim did not commence until he received an affidavit from trial counsel supporting that claim.  The court wrote:

---

[1] The 30th day after judgment was entered fell on Saturday, September 11, 1999.  As a result, petitioner had until the following Monday, September 13, 1999, to file a notice of appeal.  *See* TEX. R. APP. P. 4.1(a).

> Flanagan is confusing his knowledge of the factual predicate of his
> claim with the time permitted for gathering evidence in support of
> that claim.  Trial counsel's affidavit neither changes the character of
> Flanagan's pleaded due process claim nor provides any new ground
> for Flanagan's federal habeas petition.  Section 2244(d)(1)(D) does
> not convey a statutory right to an extended delay, in this case more
> than seven years, while a habeas petitioner gathers every possible
> scrap of evidence that might, by negative implication, support his claim.

*Flanagan*, 154 F.3d at 199.  *See also Pruett v. Cockrell*, No. 4-99-CV-781-Y, 2001 WL 1516735 at *9 (N.D. Tex. Nov. 21, 2001), *COA denied*, No. 01-11575 (5th Cir. Apr. 16, 2002).  Here, petitioner was aware of the factual predicate of his ineffective assistance of counsel claim no later than June 25, 2004, when his former attorney, William Gary Nellis, was deposed in a related civil action.[2]  When asked if he conducted "any investigation as to whether or not the decedent was wearing a seat belt at the time of the collision," Nellis responded, "I don't recall."  (Pet. Hab. App. at 049; *see also* Pet. Hab. Br. at 13).  Despite this testimony, petitioner waited until June 20, 2005, a period of 360 days, before filing an application for state post-conviction relief.  After that writ was denied on October 26, 2005, petitioner allowed another 273 days to pass before bringing this action in federal court.  Even if the court tolls the limitations period until June 25, 2004, the date petitioner actually discovered the evidence upon which he relies, his federal habeas petition is untimely.[3]  *See Hawthorne v. Miller*, 78 Fed.Appx. 997, 998, 2003 WL 22455406 at *1 (5th Cir. Oct. 29, 2003) (affirming dismissal of federal writ where petitioner failed to show that, had he exercise due diligence, he could not have previously discovered the factual predicate of his claim).

---

[2]  Petitioner filed a legal malpractice action against Nellis in Texas state court sometime in 2003.  Charles McGarry, the attorney who deposed Nellis in the state court action, also represents petitioner in this federal habeas case.

[3]  The court questions whether petitioner is entitled to statutory tolling until June 25, 2004.  By his own admission, petitioner learned about "habeas corpus petitions for ineffective assistance of counsel in prison sometime in 2000."  (*See* Pet. Resp. Br. at 6).  The record also contains an affidavit from J. Craig Jett, a board-certified criminal defense lawyer, dated January 13, 2003, criticizing Nellis for failing to "undertake an independent factual investigation of the case[.]"  (Pet. App. at 011-14).  It therefore appears that petitioner was constructively aware, if not actually aware, of the factual predicate of his ineffective assistance of counsel claim by January 2003 at the latest.

Petitioner further contends that he is entitled to equitable tolling because the prosecutor sponsored "arguably false and misleading" evidence.  At issue is an affidavit filed with the state habeas court wherein Nellis alleges that he "talked with all relevant witnesses."  (Pet. App. at 118). In order to obtain equitable tolling of the AEDPA statute of limitations, petitioner must prove that he was "actively misled by [the state] . . . or [was] prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  No such evidence exists here.  Even if Nellis made false and misleading statements in his affidavit, there is no allegation, much less proof, that the prosecutor knew them to be false.  Moreover, petitioner learned on June 25, 2004 that Nellis may not have investigated whether the victim of the crash was wearing a seat belt.  Yet petitioner waited 360 days to file a state writ of habeas corpus and waited another 273 days after that writ was denied before seeking federal habeas relief.  This unexplained delay negates any entitlement to equitable tolling.  *See id.* at 404 (equitable tolling requires prisoner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001) ("Equity is not intended for those who sleep on their rights.").[4]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file

---

[4]  To the extent petitioner argues that he is entitled to equitable tolling based on the conduct of trial counsel, the Fifth Circuit has held that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003), *citing Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991)

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  February 6, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE